UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re: <br><br> PAUL RITZ and VALERIE RITZ, <br><br> Debtor(s). | Case No. 23-00060-GS <br> Chapter 7 <br><br> <u>Hearing Date</u> <br> DATE: October 4, 2023 <br> TIME: 2:00 p.m. |

**ORDER ON MOTION TO DISMISS**

On October 4, 2023, the court held a hearing on the above-captioned debtors' motion to dismiss this bankruptcy case (ECF No. 49) (Motion). Appearances were as noted on the record.

The debtors seek to voluntarily dismiss their bankruptcy case. Such a motion falls under 11 U.S.C. § 707(a) and may only be granted for cause. *See Hickman v. Hana (In re Hickman),* 384 B.R. 832, 840 (B.A.P. 9th Cir. 2008). In this instance, the debtors do not establish any of the causes stated in §§ 707(a)(1) – (3).[1] Rather, in this instance cause becomes a question of the totality of the circumstances. *Hickman*, 384 B.R. at 840. Here, the debtors must prove that dismissal will not legally prejudice any interested parties. *Leach v. Internal Revenue Service (In re Leach)*, 130 B.R. 855, 857 (B.A.P. 9th Cir. 1991). Legal prejudice would result if the bankruptcy dismissal will increase the creditors' risk of nonpayment. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004) (citing *In re Stephenson,* 262 B.R. 871, 874–75 (Bankr. W.D. Okla. 2001); *In re Wilde,* 160 B.R. 625, 627 (Bankr. W.D. Mo. 1993)). This is all the more so when the debtors have not fully and completely made the disclosures and provided the cooperation bankruptcy

---

[1] Importantly, the debtors do not get to take advantage of their own failure to file required documents and non-cooperation with the trustee by asserting that as the basis to dismiss under § 707(a). As explained, in this instance cause required the debtors to prove the absence of legal prejudice to interested parties, including their creditors.

1

requires. *Hale v. Goodrich (In re Hale),* 2020 WL 5758995, at *3 (B.A.P. 9th Cir. Sept. 28, 2020); *Hickman,* 384 B.R. at 841; *Bartee*, 317 B.R. at 366-67.

In this case, the trustee believes that there are assets to be liquidated for the benefit of the debtors' unsecured creditors and the debtors have failed to cooperate or provide full disclosures of their assets and finances. There is no evidence of how or when the debtors could, or would, pay their creditors. The court finds the risk of nonpayment to constitute legal prejudice precluding the voluntary dismissal of this bankruptcy.

Though the debtors maintain that they cannot fully disclose their assets or cooperate with the trustee for fear of criminal incrimination, they have made little effort to comply with the obligations they voluntarily assumed by filing for bankruptcy. Debtors have failed to complete their schedules and statements, stating that they must consult with an attorney. The trustee has complained that they have similarly refused to answer questions in their meetings of creditors, which have been continued multiple times. Counsel for the trustee has discovered several limited liability companies that were previously undisclosed, where Paul Ritz and a limited partnership are the sole members. *See* Trustee's Application Confirming her Authority to Wind up Certain Limited Liability Companies Owned by the Bankruptcy Estates (ECF No. 58). Moreover, the trustee alleges that two of these entities have transferred real property post-petition. *Id.* at 2. The court holds that the debtors' failure to disclose their assets and cooperate fully with the trustee is an additional, independent basis for denying dismissal of the bankruptcy.

Therefore,

//

IT IS HEREBY ORDERED that the Voluntary Motion to Dismiss Bankruptcy Case (ECF No. 49) is DENIED.

DATED: October 6, 2023

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: Debtors
C. Christianson, Esq.
K. Evans, Esq.
N. Jipping, Trustee
U. S. Trustee
ECF Participants via NEF